**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALLAN DELL SHARBUTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1900-G** |
| | ) | |
| **DAVID ROGERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Allan Dell Sharbutt filed this suit pursuant to 42 U.S.C. § 1983. Doc. 1.[1] United States District Judge Charles Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. Plaintiff filed a motion for a temporary restraining order. Doc. 4. Plaintiff seeks an order to prevent "any OKDOC staff member from taking retaliatory action against Plaintiff" by "apply[ing] for an interfacility transfer without Plaintiff's knowledge or consent." *Id.* For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

**I. Temporary Restraining Order requirements.**

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a motion for a temporary restraining order without notice if the moving party has complied with certain requirements, including “certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required.” Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion.

Therefore, the Court should deny the motion. *See, e.g.*, *Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is “an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored”).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner’s motion for a temporary restraining order. Doc. 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 15, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that

failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE